Filed: June 4, 2002

UNITED STATES COURT OF APPEALS

FOR THE FOURTH CIRCUIT

---

No. 00-7578
(CR-97-288-V, CA-00-411-V)

---

United States of America,

Plaintiff - Appellee,

versus

Shahborn Emmanuel,

Defendant - Appellant.

---

O R D E R

---

The court amends its opinion filed May 7, 2002, as follows:

On the cover sheet, section 3, line 3 -- the district judge's name is corrected to read "Lacy H. Thornburg, District Judge."

For the Court - By Direction

/s/ Patricia S. Connor
Clerk

PUBLISHED

## UNITED STATES COURT OF APPEALS

### FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
      *Plaintiff-Appellee,*

v.                                    No. 00-7578

SHAHBORN EMMANUEL,
      *Defendant-Appellant.*

Appeal from the United States District Court
for the Western District of North Carolina, at Charlotte.

Lacy H. Thornburg, District Judge.
  (CR-97-288-V, CA-00-411-V)

Argued: September 27, 2001

    Decided: May 7, 2002

Before WIDENER, NIEMEYER, and TRAXLER, Circuit Judges.

_____

Vacated and remanded by published opinion. Judge Traxler wrote the
majority opinion, in which Judge Niemeyer joined. Judge Widener
wrote a concurring opinion.

_____

### COUNSEL

**ARGUED:** James Richard Glover, GLOVER & PETERSEN, P.A.,
Chapel Hill, North Carolina, for Appellant. Brian Lee Whisler, Assis-
tant United States Attorney, OFFICE OF THE UNITED STATES
ATTORNEY, Charlotte, North Carolina, for Appellee. **ON BRIEF:**
Robert J. Conrad, Jr., United States Attorney, OFFICE OF THE
UNITED STATES ATTORNEY, Charlotte, North Carolina, for
Appellee.

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

_____

## OPINION

TRAXLER, Circuit Judge:

In this appeal, we are asked to decide what procedures a district
court should follow prior to converting a prisoner's mislabeled or
unlabeled post-conviction motion into the movant's first § 2255
motion, *see* 28 U.S.C.A. § 2255 (West Supp. 2001). We hold that a
district court should give the movant notice of its intent to so construe
the motion and an opportunity to supplement or amend the motion to
the extent permitted by law to reflect all grounds for post-conviction
relief that the movant wishes to raise. Because the district court in this
case *sua sponte* construed Appellant Shahborn Emmanuel's post-
conviction Rule 35 motion as his first § 2255 motion without these
protections, we vacate the district court's orders denying Emmanuel
relief and remand for further proceedings.

### I.

Emmanuel was convicted by a jury of one count of assault inflict-
ing bodily injury on a protected government employee. *See* 18
U.S.C.A. §§ 111(a)(1), (b), 1114 (West 2000). He was sentenced to
the maximum ten-year term of imprisonment, and this court affirmed
his conviction and sentence. *See United States v. Emmanuel*, No. 98-
4763, 1999 WL 1020548 (4th Cir. 1999) (per curiam) (unpublished),
*cert. denied*, 529 U.S. 1029 (2000).

In August 2000, Emmanuel filed a motion to vacate his sentence.
He labeled it a Rule 35 motion, *see* Fed. R. Crim. P. 35, and cited
*Jones v. United States*, 526 U.S. 227 (1999), in support of his conten-
tion that his sentence had been unlawfully enhanced. Emmanuel had
never filed a § 2255 motion for relief from his sentence. The district
court apparently understood Emmanuel to argue that his sentence was
invalid because the district court had treated bodily injury as a sen-
tencing factor rather than an element of the charged offense. The dis-

2

trict court, *sua sponte* and without notice to Emmanuel, construed the motion as a § 2255 motion and summarily dismissed the motion under Rule 4 of the Rules Governing Section 2255 Proceedings.

Emmanuel then filed a motion for reconsideration in which he attempted to clarify his motion to vacate and essentially argued that the district court misapplied *Jones* in denying him relief. Emmanuel stated that the district court had misunderstood his original motion and that he meant to challenge the fact that use of a deadly weapon was neither charged in the indictment nor submitted to the jury. Emmanuel directed the court's attention to *Apprendi v. New Jersey*, 530 U.S. 466 (2000), as further authority for his contention that his sentence was unlawful. The district court denied Emmanuel's motion to reconsider, finding that use of a deadly weapon was not an element of the charged offense.

Emmanuel then filed a second motion to reconsider and argued that the court erred by construing his original motion, styled as a Rule 35 motion, as a § 2255 motion. He also attached a proposed § 2255 motion reasserting the ground for relief raised in his Rule 35 motion to vacate and listing several additional claims he wished to pursue in a collateral proceeding. Emmanuel requested that his original motion to reconsider be withdrawn, that the court consider the attached § 2255 motion, and that the court reconsider its order denying relief. In the alternative, Emmanuel requested that the court treat the second motion to reconsider as a notice of appeal from the prior orders. In ruling on the second motion, the district court found that it properly construed Emmanuel's Rule 35 motion as a § 2255 motion and declined the invitation to treat the motion for reconsideration as a notice of appeal. Accordingly, the district court again denied all requested relief.

Emmanuel noted a timely appeal from all of the district court's orders. On appeal, Emmanuel argues that, in light of the strict limitations on second or successive motions and the fact that he had additional grounds he wished to raise in a § 2255 motion, the district court erred by *sua sponte* converting his Rule 35 motion into a § 2255 motion and ruling on the merits without giving him notice and an opportunity to amend the motion. Since Emmanuel still had approximately six months left in which to file a timely § 2255 motion at the

3

time of the district court's decision to treat his Rule 35 motion as a § 2255 motion, Emmanuel further contends that on remand the one-year statute of limitations governing § 2255 motions should be tolled for six months. *See* 28 U.S.C.A. § 2255 (providing a one-year statute of limitations for § 2255 motions). For its part, the Government does not take issue with Emmanuel's contention that the district court erred by *sua sponte* construing Emmanuel's Rule 35 motion as a § 2255 motion without giving him notice and an opportunity to amend. The Government, however, contends that the proper relief is simply to have the district court consider the proposed § 2255 motion that Emmanuel submitted with his second motion for reconsideration.

## II.

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub.L. No. 104-132, 110 Stat. 1214 (1996), dramatically transformed the landscape of post-conviction relief proceedings. Among the AEDPA's more significant provisions is its stringent limitation on a federal prisoner's ability to bring a "second or successive" post-conviction motion pursuant to § 2255. *See* 28 U.S.C.A. § 2255. Specifically, a prisoner may only bring a second or successive § 2255 motion in one of two circumstances: the prisoner must either (1) have newly discovered evidence, or (2) be relying on a new rule of constitutional law that the Supreme Court has made retroactively applicable to collateral proceedings. *See id.*

Before the AEDPA, district courts received various and sundry post-conviction motions from prisoners, examined their substance and the relief sought, and, when appropriate, routinely treated certain of them as having been made pursuant to § 2255, regardless of the label the prisoner gave the motion or the fact that no label was given at all. A number of circuits, ours included, approved this practice because at the time it benefitted the prisoner. *See, e.g., Raines v. United States*, 423 F.2d 526, 528 n.1 (4th Cir. 1970) (noting that a pleading that seeks a writ of error coram nobis is properly treated as a motion under § 2255); *see also Adams v. United States*, 155 F.3d 582, 583 (2d Cir. 1998) (per curiam) ("Prior to the enactment of AEDPA, district courts routinely converted post-conviction motions of prisoners who unsuccessfully sought relief under some other provision of law into motions made under 28 U.S.C. § 2255 and proceeded to determine whether the

4

prisoner was entitled to relief under that statute."). Because of the AEDPA's limitation on second or successive § 2255 motions, however, that practice can now have serious adverse consequences for the movant. As the Second Circuit has observed:

> If a district court receiving a motion under some other provision of law elects to treat it as a motion under § 2255 and then denies it, that may cause the movant's subsequent filing of a motion under § 2255 to be barred as a "second" § 2255. Thus a conversion, initially justified because it harmlessly assisted the prisoner-movant in dealing with legal technicalities, may result in a disastrous deprivation of a future opportunity to have a well-justified grievance adjudicated. The court's act of conversion which we approved under pre-AEDPA law because it was useful and harmless might, under AEDPA's new law, become extraordinarily harmful to a prisoner's rights. A prisoner convicted pursuant to unconstitutional proceedings might lose the right to have a single petition for habeas corpus adjudicated, solely by reason of a district court's having incorrectly recharacterized some prior motion as one brought under § 2255.

*Adams*, 155 F.3d at 583-84 (footnote omitted); *see also United States v. Miller*, 197 F.3d 644, 649 (3d Cir. 1999) ("With AEDPA in place, the practice of liberally construing post-conviction motions as § 2255 [motions] can, in the absence of cautionary or educational measures, impair the ability of inmates to challenge their convictions on collateral review. If each pro se post-conviction filing is treated as a § 2255 [motion], . . . inept [movants] face losing potentially valid constitutional claims at the hands of judges who are applying a rule of liberal construction that was created to benefit pro se claimants."). Consequently, a prisoner must now be careful to include all of his grounds for relief in his first § 2255 motion because his ability to raise other grounds later has been severely curtailed.

Recognizing these potential repercussions, the majority of our sister circuits in the post-AEDPA world have rendered decisions that either limit the district court's ability to continue the practice of *sua sponte* construing a post-conviction motion as a movant's first collateral attack or ameliorate the impact of the AEDPA when the district

5

court does so.[1] The Second Circuit, for instance, now holds that a district court may not *sua sponte* construe a post-conviction motion as a § 2255 motion without first giving the movant (1) notice of its intent to do so, (2) notice of the consequences of such a construction (*i.e.*, the bar on second or successive motions and the applicable one-year statute of limitations), and (3) an opportunity to withdraw the motion and submit a more complete § 2255 motion within the one-year statutory period. *See Adams*, 155 F.3d at 584; *see also United States v. Seesing*, 234 F.3d 456, 464 (9th Cir. 2001) (adopting the same general approach as *Adams*); *United States v. Kelly*, 235 F.3d 1238, 1242 (10th Cir. 2000) (adopting the *Adams* approach); *Miller*, 197 F.3d at 652 (adopting a notice requirement closely resembling but expanding on the *Adams* approach).

The First Circuit, on the other hand, held that district courts may continue the practice of *sua sponte* construing a post-conviction motion as an initial collateral attack but ameliorated the impact of AEDPA when the district court does so. *See Raineri v. United States*, 233 F.3d 96, 100 (1st Cir. 2000). Specifically, the First Circuit provides that where the district court construes a post-conviction motion as a § 2255 without the movant's informed consent, that particular motion will not count as a "first" motion for purposes of the AEDPA's bar on second or successive motions. *See id.*; *see also Castro v. United States*, 277 F.3d 1300, 1305 (11th Cir. 2002) (holding that "a district court's recharacterization of a petitioner's initial post-conviction motion will not be considered a `first' habeas petition for

_____

[1] The only authority arguably to the contrary is the Fifth Circuit's decision in *In re Tolliver*, 97 F.3d 89 (5th Cir. 1996). In that case, Appellant Tolliver filed a motion to dismiss his conviction in the district court, which the district court, *sua sponte* and over Tolliver's objection, construed as a § 2255 motion. The Fifth Circuit upheld the district court's action, stating that "[w]hile Tolliver objected to the district court's construing [his motion] as a § 2255 motion, there is nothing else it could be." 97 F.3d at 90. But as other circuits have noted, *Adams* had not been decided when *Tolliver* was decided, *see, e.g.*, *United States v. Miller*, 197 F.3d 644, 651 (3d Cir. 1999), and the fairness of allowing a district court to so construe a motion in light of AEDPA's limitation on second or successive motions did not appear to be argued to the court in *Tolliver*. Therefore the court did not address the very fairness concerns that the other circuits have found so compelling. *See id.*

6

AEDPA purposes unless the petitioner is given notice of the consequences of such recharacterization"); *Henderson v. United States*, 264 F.3d 709, 711 (7th Cir. 2001) ("[W]e hold today . . . that we won't deem a Rule 33 (or other mislabeled motion) a section 2255 motion unless the movant has been warned about the consequences of his mistake."). Thus, consideration of the first motion as a § 2255 motion would not prejudice the movant's ability to later file a more comprehensive § 2255 motion, provided he or she does so within the one-year limitations period provided by the AEDPA for such motions.

Today we chart the course for district courts in this circuit to follow when faced with a post-conviction motion, labeled as something other than a § 2255 motion or not labeled at all, which nevertheless requests the kinds of relief available only by way of § 2255. We hold that if a prisoner files a motion that is not denominated a § 2255 motion and the court at its option prefers to convert it into the movant's first § 2255 motion, the court shall first advise the movant that it intends to so recharacterize the motion. The court shall also notify the movant of the § 2255 restrictions on second or successive motions, the one-year period of limitations, and the four dates in § 2255 to be used in determining the starting date for the limitations period. The notice to the movant shall set a reasonable amount of time for the prisoner to respond to the court's proposed recharacterization and shall advise the prisoner that failure to respond within the time set by the court will result in the original motion being recharacterized as a § 2255 motion. And, of course, if the movant does not respond within the time set by the court, the court may proceed with its recharacterization of the motion.[2]

If, within the time set by the court, the movant agrees to have the motion recharacterized or by default acquiesces, the court shall con-

_____

[2] We decline to extend the applicability of the notice requirement today imposed as far as the Third Circuit did in *Miller*. *See Miller*, 197 F.3d at 652; *see also Mason v. Meyers*, 208 F.3d 414, 418 n.8 (3d Cir. 2000) (noting that "*Miller*'s prophylactic rule extended the Second Circuit's holding in *Adams*"). If the movant files a motion properly denominated as a § 2255 motion, the court may rule on its merits without taking the prophylactic measures today prescribed regarding mislabeled or unlabeled post-conviction motions.

7

sider the motion as one under § 2255 and shall consider it filed as of the date the original motion was filed. If the movant agrees to or acquiesces in the recharacterization, the court should permit amendments to the motion to the extent permitted by law. *See United States v. Pittman*, 209 F.3d 314 (4th Cir. 2000) (holding that amendments to a § 2255 motion made after expiration of the one-year statute of limitations do not relate back to the original motion and are therefore untimely). If, however, the movant responds within the time set by the court but does not agree to have the motion recharacterized, the court shall not treat it as a § 2255 motion but shall rule on the merits of the motion as filed. Thus, for example, if a movant requests certain relief pursuant to Rule 35 that is only available by way of § 2255, and that movant objects to the court's proposal to recharacterize the motion, the court shall simply rule on the Rule 35 motion as such.

We wish to stress that the notice requirements imposed in this opinion are based on the assumption that the recharacterization will have some adverse consequence on the movant. In cases where no adverse consequences will ensue, the district court need not give the movant any notice prior to proceeding with the recharacterization.

### III.

Accordingly, because Emmanuel was not given notice of the adverse consequences of having his Rule 35 motion construed as an initial § 2255 motion, we vacate the district court's orders denying Emmanuel relief and remand the case for further proceedings. On remand, the court should consider the grounds for relief stated in Emmanuel's Rule 35 motion and those stated in Emmanuel's proposed § 2255 motion together as one § 2255 motion, which shall be deemed timely filed. Furthermore, because the district court construed Emmanuel's timely filed post-conviction motion as his first § 2255 motion without the protections now prescribed and Emmanuel objected to that construction within the one-year limitations period, the district court should allow a reasonable amount of time for the motion to be amended to reflect any additional alleged grounds for relief.[3] *Cf. Adams*, 155 F.3d at 584 n.2 ("[F]airness demands that the

_____

[3] We express no opinion on the merits of any of Emmanuel's claims for relief, nor do we speculate on what other claims Emmanuel may wish to add to his § 2255 motion.

8

statute of limitations be tolled to afford Adams an opportunity to file his first § 2255 motion, provided that he does so promptly.").

*VACATED AND REMANDED*

WIDENER, Circuit Judge, concurring:

I concur in the remand.

Because the district courts in this circuit, for the last 30 years since *Haines v. Kerner*, 404 U.S. 519 (1972), on pain of instant reversal, have liberally construed the post-conviction applications for relief by prisoners, whether state or federal, in my opinion, changing the rules of procedure at this stage of the game without advising the district courts explicitly a satisfactory form for compliance with our decision, is less a service to the district courts than they should expect from us.

Our two-page-plus requirements, slip Part II, p.7-8, are, perhaps necessarily, expressed partly in generalities and in legal language not easily construed. As such, I suggest they will lead to and encourage boundless litigation. Absent explicit directions to the prisoner, in my opinion a far preferable remedy would be that adopted by the First Circuit in *Ranieri v. United States*, 233 F.3d 96 (1st Cir. 2000), and by the Seventh Circuit in *Henderson v. United States*, 264 F.3d 709 (7th Cir. 2001). Both of those cases hold that when a district court, at its own instance, without notice, converts a prisoner's request for post-conviction relief into a § 2255 motion, the motion as *sua sponte* converted will not count as a first petition or motion for habeas corpus or like relief under § 2244(b)(3)(A) and § 2255.

9