UNPUBLISHED

# UNITED STATES COURT OF APPEALS

## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
　　　　　　　*Plaintiff-Appellee,*

　　　　　v.

DANIEL L. SPENCE, a/k/a Daniel
Johnson,

　　　　　　　*Defendant-Appellant.*

No. 01-6039

Appeal from the United States District Court
for the District of Maryland, at Baltimore.
Frederic N. Smalkin, Chief District Judge.
(CR-98-34-S, CA-00-2345-S)

Submitted: May 31, 2002

Decided: June 18, 2002

Before NIEMEYER, WILLIAMS, and MOTZ, Circuit Judges.

_____

Vacated and remanded by unpublished per curiam opinion.

_____

**COUNSEL**

Daniel L. Spence, Appellant Pro Se. Thomas Michael DiBiagio,
OFFICE OF THE UNITED STATES ATTORNEY, Baltimore,
Maryland, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

**OPINION**

PER CURIAM:

Daniel Spence seeks to appeal the district court's order construing Spence's October 30, 2000 letter as a motion to vacate, set aside or correct sentence pursuant to 28 U.S.C.A. § 2255 (West Supp. 2001) and denying relief under § 2255, and the district court's denial of reconsideration of the order. Spence's letter, filed before the expiration of the one-year limitations period for filing § 2255 claims, expressed a desire to file a § 2255 motion, and requested appointed counsel, or, in the alternative, to be moved to a federal prison. The district court sua sponte construed the letter as a motion for relief under § 2255 and denied relief based on the issues raised in the letter.

In *United States v. Emmanuel*, ___ F.3d ___, 2002 WL 864259 (4th Cir. May 7, 2002) (No. 00-7578), we recently outlined the prophylactic measures a district court should follow before construing a motion not specifically denominated as a § 2255 motion as the prisoner's first § 2255 motion.* Because of the consequences associated with converting the letter to a § 2255 motion, we conclude the district court erred when it construed Spence's letter as his first motion filed under § 2255 without giving him proper notice. We therefore grant a certificate of appealability, vacate the district court's order, and remand in order for the district court to provide Spence with proper notice under *Emmanuel*. Spence will then have the opportunity to file a timely, non-successive § 2255 motion in which he could fully develop his claims. We deny Spence's motion for appointment of counsel. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*VACATED AND REMANDED*

---

*We note the district court's order issued before our decision in *Emmanuel* and express no opnionn as to the merits of Spence's claims.