# UNITED STATES COURT OF APPEALS

## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
            *Plaintiff-Appellee,*

v.

LARRY DARNELL MOORE,
            *Defendant-Appellant.*

No. 01-6336

Appeal from the United States District Court
for the Western District of North Carolina, at Charlotte.
Graham C. Mullen, Chief District Judge.
(CR-93-270, CA-00-649-3-MU)

Submitted: May 29, 2002

Decided: June 20, 2002

Before LUTTIG, WILLIAMS, and TRAXLER, Circuit Judges.

---

Dismissed by unpublished per curiam opinion.

---

**COUNSEL**

Larry Darnell Moore, Appellant Pro Se. Gretchen C.F. Shappert, Assistant United States Attorney, Charlotte, North Carolina, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

---

**OPINION**

PER CURIAM:

Larry Darnell Moore appeals from the district court's recharacter-ization of his "Motion to Compel Specific Performance and Motion Pursuant to 18 U.S.C. 3231 & 21 U.S.C. § 851(a)" as a 28 U.S.C.A. § 2255 (West Supp. 2001) motion and the denial thereof. Moore con-tends that the district court improperly recharacterized his motion without giving him notice and an opportunity to either amend his motion or reject the recharacterization.

We decided in *United States v. Emmanuel* that a district court must give a prisoner notice of its intent to construe a motion as one filed under § 2255, when the motion is not labeled as such. The prisoner should then be given an opportunity to supplement, amend, or object. ___ F.3d ___, 2002 WL 864259, *1 (4th Cir. May 7, 2002). However, the *Emmanuel* rule emanates from the concern that, after the adoption of the Antiterrorism and Effective Death Penalty Act's ("AEDPA") limitation on second or successive § 2255 motions, a district court's decision to treat an unlabeled or mislabeled motion as a motion under § 2255 could deprive a prisoner of bringing a meritorious attack against his conviction. 2002 WL 864259, at *2-*3. Here, these con-cerns are not present.

The district court found that Moore's motion, if considered under § 2255, was untimely filed. If, in fact, Moore's motion was untimely, a remand requiring the district court to give Moore *Emmanuel* notice would be an exercise in futility. As we noted in *Emmanuel*, "[i]n cases where no adverse consequences will ensue, the district court need not give the movant any notice prior to proceeding with the recharacterization." 2002 WL 864259, at *5; *see also United States v. Chew*, 284 F.3d 468, 471 (3d Cir. 2002) (finding no error when court sua sponte recharacterized time-barred motion).

The AEDPA provides a one-year limitations period for filing a § 2255 motion. The one-year period begins to run from the latest of: (1) the date on which the judgment of conviction becomes final; (2) the date on which any government-created impediment to filing is removed; (3) the date on which the Supreme Court recognizes a new

right that is applicable on collateral review, or (4) the date on which new evidence is or could have been discovered through due diligence. 28 U.S.C.A. § 2255. Moore's conviction became final on October 5, 1998, when the Supreme Court denied certiorari review. Moore filed his motion in January 2002, more than one year later.

However, Moore alleges that his time limitation has not yet begun to run, because (1) the Government has not responded to his request for exculpatory evidence and (2) his Freedom of Information Act ("FOIA") requests have not been completed. We find that Moore's information requests did not trigger a later filing date based on a Government impediment or newly discovered evidence. Moore noted that he has not received the materials he requested, yet he filed his motion and did not state that his motion was incomplete or provide any reason why he ended his wait. Nor has he alleged a discovery of new facts, stated what facts he hopes to find through his FOIA request, or how such facts impact his claims for relief. Moreover, Moore's claims that he provided substantial assistance and was not a career offender involve facts of which he should already be aware. Therefore, Moore has not triggered either extension to the limitations period. As such, Moore's motion, if properly construed under § 2255, was untimely.

Thus, since Moore was barred from filing a § 2255 motion at the time the recharacterization occurred, no adverse consequences attached to the district court's recharacterization of his motion. Accordingly, the district court did not err in failing to give *Emmanuel* notice to Moore, and Moore's motion was properly construed as his first § 2255 motion.

Thus, we deny a certificate of appealability and dismiss the appeal. We dispense with oral argument, because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*DISMISSED*