**UNPUBLISHED**

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
　　　　　　*Plaintiff-Appellee,*

v.

SAMUEL PETE TANNER,
　　　　　　*Defendant-Appellant.*

No. 02-6613

Appeal from the United States District Court
for the Eastern District of North Carolina, at Raleigh.
Terrence W. Boyle, Chief District Judge.
(CR-99-62, CA-01-553-5-BO)

Submitted: August 15, 2002

Decided: September 3, 2002

Before WILLIAMS, MICHAEL, and MOTZ, Circuit Judges.

Affirmed in part, vacated in part, and remanded by unpublished per curiam opinion.

**COUNSEL**

Samuel Pete Tanner, Appellant Pro Se. Thomas B. Murphy, Assistant United States Attorney, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

**OPINION**

PER CURIAM:

Samuel Pete Tanner appeals from the denial of his Fed. R. Civ. P. 60(b) motion for reconsideration of the dismissal of his 28 U.S.C. § 2255 (2000) motion and from the denial of his motion for appointment of counsel. After careful consideration, we affirm the denial of the motion for appointment of counsel, vacate the remainder of the district court's order and remand for further proceedings.

On October 11, 2000, while his direct appeal was still pending, Tanner filed a "Motion/Request for Correction of Sentence." Below the heading of this motion, Tanner noted, "This is *not* a petition under 28 U.S.C. 2255 [sic]." On November 27, the Government filed a motion to dismiss Tanner's motion, arguing that the motion should be construed as one under § 2255. Two days later, in an order dated November 29, the district court denied Tanner's motion, stating only that "[t]he motion filed by petitioner to correct sentence is without merit and is denied." On January 9, 2001, this court affirmed Tanner's conviction and sentence.

On July 23, Tanner filed the instant § 2255 motion. The Government moved to dismiss, arguing that Tanner's motion was second or successive and had been filed without proper authorization from this court. Tanner responded, objecting to the characterization of his first motion as one under § 2255, since the district court failed to explicitly so state in its brief dismissal order. On November 14, the district court denied the motion as successive, finding that it had previously construed Tanner's first motion as one under § 2255 "because Petitioner had no other avenue for relief from this Court at the time that that motion was filed."

On January 8, 2002, Tanner filed a Rule 60(b) motion for reconsideration and a request for appointment of counsel. He contended that (1) the district court was without jurisdiction to rule on a § 2255 motion while his direct appeal was pending and (2) the district court's brief order denying his first motion did not state that the motion was construed under § 2255. On March 5, the district court summarily denied Tanner's motion, finding that "[e]ach argument in his Request

for Reconsideration has been fully addressed previously, and Petitioner raises no new issues or facts that merit reconsideration." Tanner then timely appealed from the denial of his motion for reconsideration.

In its November 14, 2001 order, the district court stated that it had previously construed Tanner's original motion as one under § 2255. However, a § 2255 motion should not be heard where a direct appeal is pending, except in exceptional circumstances. *Bowen v. Johnston*, 306 U.S. 19, 26-27 (1939). Neither the district court in any of its orders nor Tanner in his motion presented anything suggesting the existence of any exceptional circumstance warranting deviation from this established rule.

In addition, the district court's November 29, 2000 order gave Tanner no notice that his original motion had been construed as a § 2255 motion, and Tanner had explicitly stated in his motion that it was *not* a § 2255 motion. Moreover, Tanner did not have an opportunity to respond to the Government's motion to dismiss his original motion, because the district court decided the motion to dismiss two days after receiving it. Further, the district court failed to give notice to Tanner that it intended to recharacterize his motion or to provide an opportunity to object, as required by *United States v. Emmanuel*, 288 F.3d 644, 649 (4th Cir. 2002).*

Nonetheless, even if we were to determine that the district court erred in construing Tanner's first motion as a § 2255 motion, Tanner did not appeal either the district court's order denying his motion to correct sentence or the court's order denying his § 2255 motion. Instead, Tanner timely appealed from only the denial of his motion for reconsideration. *In re Burnley*, 988 F.2d 1, 3 (4th Cir. 1992) (holding that, in an appeal from a Rule 60(b) denial, the appellate court may not review the merits of the underlying order; it may only review the denial of the Rule 60(b) motion).

---

*We recognize that the district court did not have the benefit of our decision in *Emmanuel* at the time Tanner's original motion was denied. We express no opinion on whether *Emmanuel* is retroactively applicable to Tanner's motion.

We review the denial of Tanner's Rule 60(b) motion for abuse of discretion. *Burnley*, 988 F.2d at 3. Under Rule 60(b), the court may relieve a party or a party's legal representative from a final order for the following reasons: (1) excusable neglect; (2) newly discovered evidence; (3) fraud; (4) the judgment is void; (5) the judgment has been satisfied, released or discharged; or (6) any other reason justifying relief. An abuse of the district court's discretion occurs when the court fails or refuses to exercise its discretion or when the court's exercise of discretion is flawed by an erroneous legal premise. *James v. Jacobson*, 6 F.3d 233, 239 (4th Cir. 1993).

As discussed above, Tanner's claims in his motion for reconsideration have some legal and factual support. Nevertheless, the district court did not explicitly address the issues at any time during the proceeding, and we find that the district court's failure to offer more than a cursory explanation for its decision precludes meaningful appellate review. Thus, we hold that the district court abused its discretion in denying Tanner's motion for reconsideration without analyzing his potentially meritorious claims. *See James*, 6 F.3d at 239 (holding abuse of discretion occurs when decision is made arbitrarily).

We, therefore, grant a certificate of appealability and vacate the portion of the district court's order denying Tanner's motion for reconsideration, and we remand for further consideration of Tanner's claims. We express no opinion as to whether Tanner's claims are either timely raised or meritorious. We affirm the portion of the district court's order denying Tanner's motion for appointment of counsel. We dispense with oral argument, because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED IN PART, VACATED IN PART, AND REMANDED*