UNPUBLISHED

# UNITED STATES COURT OF APPEALS

## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
          *Plaintiff-Appellee,*

v.                                                No. 01-6023

MICHAEL CRANDALE WILLIAMS,
          *Defendant-Appellant.*

UNITED STATES OF AMERICA,
          *Plaintiff-Appellee,*

v.                                                No. 01-6526

MICHAEL CRANDALE WILLIAMS,
          *Defendant-Appellant.*

Appeals from the United States District Court
for the Eastern District of North Carolina, at Elizabeth City.
Malcolm J. Howard, District Judge.
(CR-95-9-H, CA-00-75-2-H)

Argued: February 28, 2003

Decided: June 9, 2003

Before WIDENER and LUTTIG, Circuit Judges, and
C. Arlen BEAM, Senior Circuit Judge of the
United States Court of Appeals for the Eighth Circuit,
sitting by designation.

No. 01-6023 is affirmed and No. 01-6526 is dismissed by unpublished
per curiam opinion.

**COUNSEL**

**ARGUED:** Jeffrey Dean Dermer, UNIVERSITY OF VIRGINIA SCHOOL OF LAW APPELLATE LITIGATION CLINIC, Charlottesville, Virginia, for Appellant. Anne Margaret Hayes, Assistant United States Attorney, Raleigh, North Carolina, for Appellee. **ON BRIEF:** Neal L. Walters, UNIVERSITY OF VIRGINIA SCHOOL OF LAW APPELLATE LITIGATION CLINIC, Charlottesville, Virginia, for Appellant. Frank D. Whitney, United States Attorney, Raleigh, North Carolina, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

---

**OPINION**

PER CURIAM:

Michael Crandale Williams appeals the district court's denial of his various post-conviction motions and seeks a certificate of appealability (COA) pursuant to 28 U.S.C. § 2253 in this consolidated appeal.[1] We affirm the district court's judgment in the first appeal (number 01-6023), and decline to issue the COA in the second appeal (number 01-6526) and dismiss that appeal.

I.

Williams was convicted in 1995 of drug and firearm offenses and sentenced to an aggregate thirty-two year term of imprisonment. He appealed his conviction and sentence, and the case was remanded for resentencing because the district court's findings were inadequate concerning the quantity of drugs involved in his offenses. *United*

---

[1]The district court did not issue a COA in this matter and Williams makes no express request for the issuance of a certificate. Thus, the notice of appeal constitutes such a request. Fed. R. App. P. 22(b)(2).

*States v. Williams*, 152 F.3d 294 (4th Cir. 1998). At the hearing on remand, the district court made additional findings and imposed the same sentence, which action was affirmed on appeal. *United States v. Williams*, No. 98-4908, 1999 WL 1028536 (4th Cir. Nov. 12, 1999).

On August 3, 2000, Williams filed a pleading captioned "Civil Action" and "Motion for Dismissal of Count One for Lack of Judicial Jurisdiction Pursuant to the Supreme Court Ruling in *Apprendi v. New Jersey* and *Jones v. United States*," setting forth the docket number of his criminal prosecution. The district court denied the motion in a two paragraph order filed August 22, 2000. On September 11, 2000, Williams filed a "Motion to Alter or Amend Pursuant to Fed. R. Cim. [sic] P. 59(e)." On November 8, 2000, while the purported Rule 59(e) motion was still pending, Williams also filed what he styled a section 2255 motion. *See* 28 U.S.C. § 2255. In December 2000, the district court denied the Rule 59(e) motion, referring to this filing as a "successive motion under [28 U.S.C.] § 2255," which Williams had not obtained authorization to file. *See* 28 U.S.C. §§ 2244, 2255. Finally, in an order filed February 22, 2001, the district court dismissed Williams's third filing as an unauthorized successive section 2255 motion. The district court noted that it had construed the prior "Rule 59(e)" motion as a 2255 motion because it was filed more than ten days after the August 22, 2000, judgment that it sought to amend. The court stated, "it is clear that petitioner's § 2255 motion is his third bite at the apple." Williams filed a notice of appeal with respect to all three[2] of these rulings, and the appeals have been consolidated.

## II.

At the outset, it is our duty, as an inferior federal court, to identify the nature and extent of our subject matter jurisdiction. In a matter such as this, the inquiry is made more complicated by the strictures of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), PL 104-132, April 24, 1996. This is because Williams

---

[2]Although Williams has filed only two notices of appeal, his first notice of appeal covers both the August and December 2000 rulings by the district court.

seeks to collaterally attack his final federal court judgment and sentence through motions purportedly authorized by 28 U.S.C. § 2255.

If Williams's claims are actually governed by the AEDPA, he faces two potential barriers to his quest for appellate review. First, as the district court correctly noted, he must meet the requirements of 28 U.S.C. § 2255 for successive petitions. Second, he must acquire a COA issued by a circuit justice or judge as specified in 28 U.S.C. § 2253. On the other hand, if the AEDPA does not apply to a particular claim, our jurisdiction is not limited by the terms of the Act. *See, e.g.*, *United States v. Winestock*, No. 02-6304, 2003 WL 1949822, at *2 (4th Cir. Apr. 25, 2003) (noting the importance of determining whether a motion following the denial of a section 2255 motion was actually a Rule 60(b) motion or a successive 2255 motion, because AEDPA's jurisdictional limits are implicated in the latter, but not the former). Accordingly, our determination of jurisdiction requires analysis of Williams's various pleadings and the relief sought in each instance.

Williams's initial district court motion requested a remedy based upon the holdings in *Apprendi v. New Jersey*, 530 U.S. 466 (2000), and *Jones v. United States*, 526 U.S. 227 (1999). However, subject to possible exceptions not applicable in this case, our precedent indicates that *Apprendi* relief is barred by *Teague v. Lane*, 489 U.S. 288 (1989), when, as here, the judgment of conviction was final before the decision in *Apprendi*.[3] This is because the rule announced in *Apprendi*, based in part upon earlier rulings in *Jones*, is a new rule of constitutional criminal procedure and does not apply "retroactively to cases on [28 U.S.C. § 2255] collateral review." *United States v. Sanders*, 247 F.3d 139, 146 (4th Cir. 2001), *cert. denied*, 534 U.S. 1032 (2001) (citing *Teague*, 489 U.S. 288). Thus, Williams's proposed *Apprendi* claim was not cognizable in the district court through a collateral attack mounted pursuant to section 2255. *See Winestock*, 2003 WL

---

[3]We concluded Williams's direct appeal on November 12, 1999. He apparently chose not to file a petition for writ of certiorari within the ninety-day window provided by Supreme Court Rule 13(1). *See Derman v. United States*, 298 F.3d 34, 39 (1st Cir.), *cert. denied*, 123 S. Ct. 636 (2002). The *Apprendi* ruling was announced by the Supreme Court on June 26, 2000.

1949822, at \*2 (noting the "longstanding practice of courts to classify *pro se* pleadings from prisoners according to their contents, without regard to their captions").

Since Williams's direct review process had long since ended, there appears to have been no *timely* post-judgment motion that might have been asserted by Williams to raise the *Apprendi* question. *See, e.g.*, Fed. R. Crim. P. 33, 34. Accordingly, the district court's summary denial of Williams's first motion was correct, but reviewable by this court like any other non-AEDPA post-trial motion. The same is true for the district court's refusal to consider or find merit in Williams's purported Rule 59(e) motion, although its reasoning regarding the successive petition issue was misplaced. We construe Williams's second filing as a motion to reconsider the earlier district court ruling and reject it for the same reason that the earlier motion was unsound. In sum, we see no impediment to our jurisdiction to summarily review these two rulings. Upon doing so, we affirm the result reached by the district court, although for reasons different than those stated by the court.[4]

We now turn to the third district court pleading filed by Williams on November 8, 2000.[5] Williams sought section 2255 review of several issues, some repetitively asserted, through this filing. While the reiteration of the *Apprendi* claim in this later motion fails, both procedurally and substantively for the reasons outlined above, we believe that at least one of his assertions merits section 2255 analysis and AEDPA-mandated COA consideration. This means that the district court's ruling that the third motion was a second or successive habeas corpus application was error because, as we have explained, there had

---

[4]Since neither filing was a section 2255 motion, Williams is not entitled to reversal under *United States v. Emmanuel*, 288 F.3d 644, 649 (4th Cir. 2002) (holding that district court must give petitioner notice and the opportunity to object or amend prior to sua sponte construing mislabeled filings as 2255 motions).

[5]Williams additionally filed a motion to amend his November 2255 motion in December 2000, and the district court also denied the motion to amend in the February 2001 order. Williams does not advance any arguments on appeal with regard to the denial of the December motion to amend.

been no previous, viable collateral review requests. We find, however, that this determination does not require a reversal or remand to the district court. This is because we have limited, but sufficient, jurisdiction to examine the merits of the COA request brought to us by Williams through his notice of appeal.

The Supreme Court has very recently instructed us on the proper procedure to follow in a case such as this. *Miller-El v. Cockrell*, 123 S. Ct. 1029 (2003). *Miller-El* counsels that while we have no jurisdiction to adjudicate the merits of an appeal of a section 2255 claim without the issuance of a COA,[6] we do have jurisdiction to conduct a "threshold inquiry" to determine whether a COA should issue. *Id.* at 1039. In other words, we have jurisdiction to determine our jurisdiction and this "requires an overview of [Williams's] claims . . . and a general assessment of their merits" under the standards established in section 2253(c)(2). *Id.*

An overview of Williams's claims quickly leads us to the conclusion that he cannot pass this COA test. In his section 2255 motion, Williams's first two grounds for relief are, as earlier indicated, repetitive *Apprendi* claims and, as also previously stated, are not retroactively cognizable under section 2255. *Sanders*, 247 F.3d at 146. Grounds three and four allege deficiencies relating to a "use or carry" of a firearm charge. However, in these assertions, Williams does not allege the denial of a constitutional right. While section 2255 relief is not limited to constitutional claims, the scope of review under section 2253 is limited to cases in which the complainant can make a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). In ground five, Williams alleges a violation of Rule 10 of the Rules of Criminal Procedure, which is also not a constitutional violation.

In his final ground for relief, Williams alleges ineffective assistance of trial counsel. While we do not review the merits of this

---

[6]In his concurring opinion, Justice Scalia identified this circuit's opinion in *Bates v. Lee*, 308 F.3d 411 (4th Cir. 2002), *cert. denied*, 71 U.S.L.W. 3735 (2003), as an example of the practice of deciding appeals without jurisdiction. *Miller-El*, 123 S. Ct. at 1046 n.* (Scalia, J., concurring).

claim, we have perused the allegations in Williams's petition and our "general assessment" of the merits, *Miller-El*, 123 S. Ct. at 1039, is that he cannot make a substantial showing of the denial of his Sixth Amendment constitutional rights. Thus, we decline to issue a COA on any of the issues properly raised in this motion.

## III.

For the foregoing reasons, we affirm the district court in appeal number 01-6023. We decline to issue a COA in appeal number 01-6526 and dismiss the appeal.

*AFFIRMED AND DISMISSED*