<u>**UNPUBLISHED**</u>

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

---

**No. 04-6304**

---

JAMES EDWARD RANDOLPH, a/k/a Main,

                                    Petitioner - Appellant,

        versus

UNITED STATES OF AMERICA,

                                    Respondent - Appellee.

---

Appeal from the United States District Court for the District of
South Carolina, at Columbia.   Cameron McGowan Currie, District
Judge.   (CR-95-407-3; CA-03-4159-3-22)

---

Submitted:  June 30, 2004          Decided:  July 16, 2004

---

Before NIEMEYER, MOTZ, and KING, Circuit Judges.

---

Dismissed by unpublished per curiam opinion.

---

James Edward Randolph, Appellant Pro Se.  Christopher Todd Hagins,
OFFICE OF THE UNITED STATES ATTORNEY, Columbia, South Carolina, for
Appellee.

---

Unpublished opinions are not binding precedent in this circuit.
See Local Rule 36(c).

PER CURIAM:

James Edward Randolph appeals the district court's construction of his pleading styled pursuant to Fed. R. Civ. P. 60(b), as an initial motion under 28 U.S.C. § 2255 (2000), and its denial of the motion. Randolph correctly asserts that, prior to its recharacterization, the district court was required to, but did not, give him notice of its intent to recharacterize the motion, warn him that the effect of the recharacterization is that any subsequent § 2255 motion will be subject to the restrictions on "second or successive" motions, and provide him with an opportunity to withdraw or amend the motion. See Castro v. United States, 124 S. Ct. 786 (2003); see also United States v. Emmanuel, 288 F.3d 644, 649 (4th Cir. 2002).

However, we find no reversible error in this case. The mandate of this court affirming Randolph's conviction and sentence issued on April 18, 1997. Randolph did not file the pleading at issue, in which he clearly seeks habeas relief, until December 29, 2003, well beyond the one-year statute of limitations applicable to habeas petitions. Thus, even if the district court had provided Randolph with the requisite notice and warnings required under Castro and Emmanuel, Randolph could not have salvaged any habeas claim. See, e.g., Emmanuel, 288 F.3d at 650 (providing that where the failure to provide notice to movant results in no adverse consequences, such failure is harmless error).

A final order in a § 2255 action is not appealable unless a circuit justice or judge issues a certificate of appealability. 28 U.S.C. § 2253(c)(1) (2000). A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2) (2000). Randolph may satisfy this requirement by demonstrating that reasonable jurists would find that his constitutional claims are debatable and that any dispositive procedural rulings by the district court are also debatable or wrong. See Miller-El v. Cockrell, 537 U.S. 322, 336 (2003); Slack v. McDaniel, 529 U.S. 473, 484 (2000); Rose v. Lee, 252 F.3d 676, 683 (4th Cir. 2001). We have independently reviewed the record and conclude that Randolph has not made the requisite showing because, under Emmanuel, the district court's dispositive procedural ruling is not reasonably debatable.

Accordingly, we deny a certificate of appealability and dismiss Randolph's appeal. However, we note that in the event Randolph subsequently files a § 2255 motion, the district court's failure to provide Randolph with the requisite warnings associated with recharacterizing his pleading as an initial § 2255 motion precludes the court from considering Randolph's presently recharacterized § 2255 motion as his first such motion and applying the successiveness restrictions under § 2255. See Castro, 124 S. Ct. at 793. We dispense with oral argument because the facts and

- 3 -

legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>DISMISSED</u>