**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 03-7574

RAYMOND OUTLER,

Petitioner - Appellant,

versus

JOYCE K. CONLEY,

Respondent - Appellee.

Appeal from the United States District Court for the Southern District of West Virginia, at Beckley.   David A. Faber, Chief District Judge.  (CA-99-213-5)

Submitted:  February 25, 2004          Decided:  November 4, 2004

Before MICHAEL, MOTZ, and TRAXLER, Circuit Judges.

Dismissed by unpublished per curiam opinion.

Raymond Outler, Appellant Pro Se.  Michael Lee Keller, OFFICE OF THE UNITED STATES ATTORNEY, Charleston, West Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Raymond Outler appeals the district court's order accepting the report and recommendation of a magistrate judge and denying his Fed. R. Civ. P. 60(b)(5) motion to reconsider the earlier denial of his 28 U.S.C. § 2241 (2000) petition. Outler argues that the denial of his § 2241 petition was based in part on a Southern District of Georgia district court's improper decision to recharacterize a motion for a new trial as a proceeding under 28 U.S.C. § 2255 (2000). The Georgia district court did not give Outler notice of its intent to recharacterize the motion, warn him that the effect of the recharacterization is that any subsequent § 2255 motion will be subject to the restrictions on second or successive habeas motions, or provide him with an opportunity to withdraw or amend the motion. See Castro v. United States, 124 S. Ct. 786 (2003); see also United States v. Emmanuel, 288 F.3d 644, 649 (4th Cir. 2002).

However, we find no reversible error in this case. Outler's convictions became final before the inception of the AEDPA; therefore, he could file a § 2255 motion no later than April 24, 1997. Outler did not file the § 2241 petition, in which he clearly sought habeas relief, until March 16, 1999, well beyond the one-year statute of limitations applicable to habeas motions. Thus, even if the Georgia district court had provided Outler with

- 2 -

the notice and warnings required under <u>Castro</u> and <u>Emmanuel</u>, Outler could not have salvaged any habeas claim in his § 2241 petition. <u>See, e.g.</u>, <u>Emmanuel</u>, 288 F.3d at 650 (providing that where the failure to provide notice to movant results in no adverse consequences, such failure is harmless error).

The denial of a Rule 60(b) motion is a final order and subject to 28 U.S.C. § 2253(c)(1)'s certificate of appealability requirement. <u>Reid v. Angelone</u>, 369 F.3d 363, 369 (4th Cir. 2004). A final order in a § 2255 action is not appealable unless a circuit justice or judge issues a certificate of appealability. 28 U.S.C. § 2253(c)(1) (2000). A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2) (2000). Outler may satisfy this requirement by demonstrating that reasonable jurists would find that his constitutional claims are debatable and that any dispositive procedural rulings by the district court are also debatable or wrong. <u>See</u> <u>Miller-El v. Cockrell</u>, 537 U.S. 322, 336 (2003); <u>Slack v. McDaniel</u>, 529 U.S. 473, 484 (2000); <u>Rose v. Lee</u>, 252 F.3d 676, 683 (4th Cir. 2001). We have independently reviewed the record and conclude that Outler has not made the requisite showing.

Accordingly, we deny a certificate of appealability, deny Outler's motion for summary disposition and dismiss this appeal.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

DISMISSED
