**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————————————

**No. 02-7288**

———————————————

UNITED STATES OF AMERICA,

                                        Plaintiff - Appellee,

        versus

DWAYNE DELESTON,

                                        Defendant - Appellant.

———————————————

**No. 03-6649**

———————————————

UNITED STATES OF AMERICA,

                                        Plaintiff - Appellee,

        versus

DWAYNE DELESTON,

                                        Defendant - Appellant.

———————————————

**No. 04-6617**

———————————————

UNITED STATES OF AMERICA,

                                        Plaintiff - Appellee,

                    versus


DWAYNE DELESTON,

                                        Defendant - Appellant.

                    ─────────────────

Appeals from the United States District Court for the District of
South Carolina, at Charleston.  David C. Norton, District Judge.
(CR-99-751; CA-02-3895-2-18)

                    ─────────────────

Submitted:  October 1, 2004        Decided:  November 24, 2004

                    ─────────────────

Before MICHAEL, TRAXLER, and KING, Circuit Judges.

                    ─────────────────

Vacated and remanded by unpublished per curiam opinion.

                    ─────────────────

Dwayne Deleston, Appellant Pro Se.  Miller Williams Shealy, Jr.,
OFFICE OF THE UNITED STATES ATTORNEY, Charleston, South Carolina,
for Appellee.

                    ─────────────────

Unpublished opinions are not binding precedent in this circuit.
See Local Rule 36(c).

PER CURIAM:

On January 2, 2002, Dwayne Deleston filed in the district court a motion for reduction of sentence under 18 U.S.C. § 3582 (2000). Deleston challenged the legality of his indictment, stating that it was defective because it failed to set forth the elements of the offense, relevant drug quantities, and that it was not signed by the grand jury foreperson. He also claimed that his sentence was improperly enhanced in violation of the U.S. Sentencing Guidelines Manual.

In an order entered on May 13, 2002, the district court construed Deleston's filing as a motion under 28 U.S.C. § 2255 (2000) and denied the motion on the merits. Deleston appealed, (No. 02-7288), claiming that the district court erred in recharacterizing his § 3582 motion as a § 2255 motion, relying on United States v. Emmanuel, 288 F.3d 644 (4th Cir. 2002).[*]

---

[*]In Emmanuel, which issued on May 7, 2002, this court held that the district court must give a prisoner notice and an opportunity to respond before construing a mislabeled or unlabeled post-conviction motion as an initial § 2255 motion:

> We hold that if a prisoner files a motion that is not denominated a § 2255 motion and the court at its option prefers to convert it into the movant's first § 2255 motion, the court shall first advise the movant that it intends to so recharacterize the motion. The court shall also notify the movant of the § 2255 restrictions on second or successive motions, the one-year period of limitations, and the four dates in § 2255 to be used in determining the starting date for the limitations period. The notice to the movant shall set a reasonable amount of time for the prisoner to respond to the court's proposed recharacterization and shall advise the prisoner that

- 3 -

On November 18, 2002, while this appeal was pending, Deleston filed in the district court a § 2255 motion--which he believed was his first.  On April 3, 2003, the district court dismissed the motion as successive.  Deleston's appeal from that order is No. 03-6649.  Deleston also filed a motion for reconsideration which was denied; he has appealed from that order as well (No. 04-6617).  The three cases have been consolidated.

This court granted a certificate of appealability as to Deleston's claim that the district court erred in recharacterizing his § 3582 motion as a § 2255 motion and then denying his § 2255 motion as successive.  In <u>United States v. Castro</u>, 540 U.S. 375, 124 S. Ct. 786 (2003), the Supreme Court held that a court may not recharacterize a pro se litigant's mislabeled motion as § 2255 motion "*unless* the court informs the litigant of its intent to recharacterize, warns the litigant that the recharacterization will subject subsequent § 2255 motions to the law's 'second or successive' restrictions, and provides the litigant with an opportunity to withdraw, or to amend, the filing." <u>Castro</u>, 124 S. Ct. at 789.

---

> failure to respond within the time set by the court will result in the original motion being recharacterized as a § 2255 motion . . . .  If, however, the movant responds within the time set by the court but does not agree to have the motion recharacterized, the court shall not treat it as a § 2255 motion but shall rule on the merits of the motion as filed.

<u>Emmanuel</u>, 288 F.3d at 649.

Under <u>Emmanuel</u> and <u>Castro</u>, the district court erred when it failed to warn Deleston of the consequences of recharacterization and provide him with an opportunity to withdraw the motion. The district court erred again when it later dismissed Deleston's first designated § 2255 motion as successive. <u>See</u> <u>id.</u> at 793 (holding when a district court fails to provide a pro se litigant with the proper notice required before recharacterization, the recharacterized motion "cannot count as a § 2255 motion for purposes of the 'second or successive' provision.").

Accordingly, we vacate the district court's orders in all three appeals and remand for further proceedings consistent with <u>Castro</u>. We grant the government's motion to file its informal brief out of time and deny Deleston's motions for appeal status, to file a motion under Fed. R. Civ. P. 60(b)(4), and for summary judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>VACATED AND REMANDED</u>