<u>**UNPUBLISHED**</u>

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 05-6224**

———————

UNITED STATES OF AMERICA,

                                  Plaintiff - Appellee,

      versus

SAMMIE LEE BROWN, JR.,

                                  Defendant - Appellant.

———————

Appeal from the United States District Court for the District of
South Carolina, at Columbia.  Joseph F. Anderson, Jr., Chief
District Judge.  (CR-99-489; CA-02-4167-3-17)

———————

Submitted:  April 22, 2005              Decided:  May 12, 2005

———————

Before WILKINSON, MOTZ, and KING, Circuit Judges.

———————

Dismissed by unpublished per curiam opinion.

———————

Sammie Lee Brown, Jr., Appellant Pro Se.  Nancy Chastain Wicker,
OFFICE OF THE UNITED STATES ATTORNEY, Columbia, South Carolina, for
Appellee.

———————

Unpublished opinions are not binding precedent in this circuit.
See Local Rule 36(c).

PER CURIAM:

Sammie Lee Brown, Jr., seeks to appeal the district court's order denying his Fed. R. Civ. P. 60(b) motion, which the district court construed as a successive 28 U.S.C. § 2255 (2000) motion. Brown argues that the district court erred in failing to give him notice of its intent to recharacterize the Rule 60(b) motion as a § 2255 motion. See Castro v. United States, 540 U.S. 375, 383 (2003) (district court must give prisoner notice and opportunity to respond before construing mislabeled post-conviction motion as an initial § 2255 motion); United States v. Emmanuel, 288 F.3d 644, 649 (4th Cir. 2002). However, we find no reversible error because the instant action is not Brown's first § 2255 motion. Accordingly, the district court was not required to give Brown notice before construing his Rule 60(b) motion as a successive § 2255 motion, and dismissing it for lack of jurisdiction. It is undisputed that Brown did not obtain authorization from this court to file a second § 2255 motion. This court has held that a district court "must treat Rule 60(b) motions as successive collateral review applications when failing to do so would allow the applicant to 'evade the bar against relitigation of claims presented in a prior application or the bar against litigation of claims not presented in a prior application.'" United States v. Winestock, 340 F.3d 200, 206 (4th Cir. 2003).

An appeal may not be taken from the district court's order unless a circuit justice or judge issues a certificate of appealability. 28 U.S.C. § 2253(c)(1) (2000). A certificate of appealability will not issue for claims addressed by a district court absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2) (2000). A prisoner satisfies this standard by demonstrating that reasonable jurists would find that the district court's assessment of his constitutional claims is debatable and that any dispositive procedural rulings by the district court are also debatable or wrong. See Miller-El v. Cockrell, 537 U.S. 322, 338 (2003); Slack v. McDaniel, 529 U.S. 473 (2000); Rose v. Lee, 252 F.3d 676, 683 (4th Cir. 2001). Brown has not demonstrated that the district court's procedural ruling was debatable or wrong. Accordingly, we deny Brown's motion for a certificate of appealability and dismiss the appeal.

Additionally, we construe Brown's petition for a certificate of appealability as an application to file a second or successive motion under 28 U.S.C. § 2255. See Winestock, 340 F.3d at 208. In order to obtain authorization to file a successive § 2255 motion, a prisoner must assert claims based on either: (1) a new rule of constitutional law, previously unavailable, that has been made retroactive by the Supreme Court to cases on collateral review; or (2) newly discovered evidence sufficient to establish

that no reasonable factfinder would have found that movant guilty. 28 U.S.C. §§ 2244(b)(3)(c), 2255 (2000).  Brown's claim does not satisfy either of these conditions.  Therefore, we decline to authorize Brown to file a successive § 2255 motion.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

DISMISSED