**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 14-7707**

———————

RICHARD A. THURSTON,

            Petitioner - Appellant,

      v.

STATE OF MARYLAND,

            Respondent - Appellee.

———————

Appeal from the United States District Court for the District of
Maryland, at Baltimore.  J. Frederick Motz, Senior District
Judge.  (1:13-cv-01766-JFM)

———————

Submitted:  April 20, 2015        Decided:  April 30, 2015

———————

Before NIEMEYER, DIAZ, and FLOYD, Circuit Judges.

———————

Affirmed in part; vacated in part by unpublished per curiam
opinion.

———————

Richard A. Thurston, Appellant Pro Se.  Edward John Kelley,
OFFICE OF THE ATTORNEY GENERAL OF MARYLAND, Baltimore, Maryland,
for Appellee.

———————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Richard A. Thurston, a Maryland inmate, seeks to appeal the district court's order denying relief on his petition for a writ of error coram nobis and dismissing the petition as untimely to the extent it could be construed as a petition filed pursuant to 28 U.S.C. § 2254 (2012). We affirm the district court's denial of relief on Thurston's petition for a writ of error coram nobis for the reasons stated by the district court. Thurston v. Maryland, No. 1:13-cv-01766-JFM (D. Md., Nov. 4, 2014). However, we vacate that portion of the district court's order contruing the petition as one filed pursuant to 28 U.S.C. § 2254.

A district court must first give a prisoner notice and opportunity to respond before construing a mislabeled post-conviction motion as an initial § 2254 petition. Castro v. United States, 540 U.S. 375, 383 (2003); United States v. Emmanuel, 288 F.3d 644, 649 (4th Cir. 2002), overruled in part on other grounds by Castro, 540 U.S. at 383, as recognized in United States v. Blackstock, 513 F.3d 128, 133 (4th Cir. 2008). In Emmanuel, we held that a district court must notify a prisoner if the court intends to recharacterize a motion as the movant's first federal habeas petition. If the prisoner fails to respond within the time set by the district court, the court may proceed with the recharacterization. If the movant agrees

2

to recharacterization, the court should permit amendments to the motion. If, however, the movant objects to recharacterization, the court should not treat the motion as a § 2254 or § 2255 motion but must rule on the merits of the motion as filed. 288 F.3d at 649. Similarly, in Castro, 540 U.S. at 377, 383, the Supreme Court held that a pro se litigant must be warned before a motion is recharacterized as his first federal habeas motion, and the district court must furthermore "provide the litigant an opportunity to withdraw the motion or to amend it so that it contains all the § 2255 claims he believes he has."

Here, the district court erred by treating Thurston's petition as a § 2254 petition after he timely objected to such treatment. Accordingly, we vacate that portion of the district court's order. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED IN PART;
VACATED IN PART