**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 17-7005**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

RODNEY R. HAILEY,

Defendant - Appellant.

Appeal from the United States District Court for the District of Maryland, at Baltimore. Catherine C. Blake, District Judge.  (1:11-cr-00540-CCB-1; 1:17-cv-01297-CCB)

Submitted:  November 30, 2017                    Decided:  December 6, 2017

Before KING, DUNCAN, and AGEE, Circuit Judges.

Vacated and remanded by unpublished per curiam opinion.

Rodney R. Hailey, Appellant Pro Se.  Joan Castleton Mathias, OFFICE OF THE UNITED STATES ATTORNEY, Baltimore, Maryland, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Rodney R. Hailey, a federal inmate, appeals the district court's order construing Hailey's motion for review of his sentence, which was filed pursuant to Fed. R. Crim. P. 52(b), as a 28 U.S.C. § 2255 (2012) motion and denying it on procedural grounds. Hailey contends that the district court violated *Castro v. United States*, 540 U.S. 375, 377, 383 (2003), in so construing his motion as a § 2255 motion without providing the proper advisals of that recharacterization. We agree and vacate the court's order and remand this case for further proceedings.

In May 2017—more than three years after we affirmed Hailey's underlying criminal judgment and aggregate 151-month sentence, *see United States v. Hailey*, 563 F. App'x 229 (4th Cir. 2014)—Hailey filed his pro se motion seeking review of his sentence pursuant to Rule 52(b). The district court twice entered orders that effectively put Hailey on notice of its intent to treat this pleading as a § 2255 motion, but did not provide *Castro* notice of its intent to recharacterize the motion as one pursuant to § 2255 or provide Hailey the opportunity to object to that recharacterization. Despite this lack of formal notice, Hailey nonetheless advised the district court on at least two occasions—in his reply in opposition to the Government's response to his motion and later in his July 20, 2017, letter to the court—that he objected to the recharacterization of his pleading as a § 2255 motion. The court, in its final order, nonetheless construed Hailey's motion as one seeking relief pursuant to § 2255 and denied it on procedural grounds.

In *United States v. Emmanuel*, 288 F.3d 644, 649 (4th Cir. 2002), we held that a district court must notify a prisoner if it intends to recharacterize his motion as the

2

movant's first § 2255 motion. The Supreme Court expanded on this notice requirement in *Castro*, holding that:

> [T]he court cannot so recharacterize a *pro se* litigant's motion as the litigant's first § 2255 motion unless the court informs the litigant of its intent to recharacterize, warns the litigant that the recharacterization will subject subsequent § 2255 motions to the law's "second or successive" restrictions, and provides the litigant with an opportunity to withdraw, or to amend, the filing.

540 U.S. at 377.

Here, the district court erred in failing to formally advise Hailey of its intent to recharacterize his motion as a § 2255 motion and of the ensuing consequences, and in so treating Hailey's motion as a § 2255 motion after Hailey twice indicated his objection to such treatment. Accordingly, we vacate the district court's order and remand for further proceedings. On remand, the district court should provide Hailey an opportunity to either proceed with his original motion as styled, or to accept recharacterization and amend his motion so that it contains all the § 2255 claims he believes he has. We grant Hailey leave to proceed on appeal in forma pauperis. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*VACATED AND REMANDED*