**UNITED STATES of America,**

v.

**Esteban VENANCIO–DOMINGUEZ, Defendant.**

**Criminal Action No. 4:07cr173.**

United States District Court,
E.D. Virginia,
Newport News Division.

Sept. 15, 2009.

Joseph E. DePadilla, United States Attorney's Office, Norfolk, VA, for United States of America.

John C. Gardner, Gardner & Mondeza PC, Virginia Beach, VA, for Defendant.

## OPINION AND ORDER

JEROME B. FRIEDMAN, District Judge.

On July 20, 2009, the court received a motion from the defendant, Esteban Venancio–Domiguez, entitled "Motion for Resentence Under 18 U.S.C. § 3582(c)(1)(A)(i) in Light of Flores–Figueroa v. U.S." The defendant is requesting that the court vacate his conviction for aggravated identity theft in light of the recent decision by the United States Supreme Court in *Flores–Figueroa v. United States*, — U.S. ——, 129 S.Ct. 1886, 173 L.Ed.2d 853 (2009). The government concedes that the defendant's aggravated identity theft conviction should be vacated. The court has reviewed the parties' supporting memoranda, as well as the record in this case, and for the reasons set forth below, the court **CONSTRUES** the defendant's motion as a motion pursuant to 28 U.S.C. § 2255, **GRANTS** the defendant's motion, and **VACATES** the defendant's conviction for aggravated identity theft, Count 3.

### Factual Background

On November 27, 2007, the defendant was arrested pursuant to a criminal complaint filed by the government alleging that the defendant knowingly possessed fraudulent identification documents and committed aggravated identity theft. On December 12, 2007, the grand jury returned an indictment against the defendant charging him with three counts: reentry of a deported alien subsequent to a felony conviction, in violation of 8 U.S.C. § 1326(a) and (b)(1) (Count 1), possession and use of a counterfeit permanent resident card, in violation of 18 U.S.C. § 1546(a) (Count 2), and aggravated identity theft, in violation of 18 U.S.C. § 1028A(a)(1) (Count 3).

On February 4, 2008, the defendant pled guilty pursuant to the terms of a plea agreement to Counts 1 and 3. The statement of facts signed by the defendant did not specify whether the defendant knew that the means of identification that he had unlawfully possessed were that of another person. On May 5, 2008, the court sentenced the defendant to forty-two (42) months imprisonment, which comprised of eighteen (18) months imprisonment for Count 1, and twenty-four (24) months imprisonment for Count 3, to be served consecutively. Additionally, as a special condition of the defendant's supervised release, the court ordered the defendant to surrender to a duly-authorized immigration official of the Department of

Homeland Security Bureau of Immigration and Customs Enforcement for deportation. Pursuant to the terms of his plea agreement, the defendant waived his right to appeal. Thus, the defendant did not appeal his conviction or sentence, nor did he file a petition to collaterally attack his sentence within a year of his conviction.

On May 4, 2009, the Supreme Court issued its opinion in *Flores–Figueroa v. United States,* —— U.S. ——, 129 S.Ct. 1886, 173 L.Ed.2d 853 (2009), interpreting 18 U.S.C. § 1028A(a)(1) to require the government prove that the defendant knew that the identification he unlawfully possessed belonged to another individual.

On July 20, 2009, the defendant filed the motion at issue before the court. On July 29, 2009, the court ordered the government to file a response to the defendant's motion within thirty days. On August 28, 2008, the government filed its response. However, due to confusing and seemingly contradictory nature of the government's response, the court ordered the government to amend its response within ten days of the court's order. On September 9, 2009, the government filed an amended response, and suggested that the court construe the defendant's motion as a 28 U.S.C. § 2255 petition, grant the defendant's petition, and vacate his 18 U.S.C. § 1028A(a)(1) conviction. The government asserted that because the Supreme Court's decision in *Flores–Figueroa* was a substantive change that narrowed the interpretation of 18 U.S.C. § 1028A, it should applied retroactively. The government then conceded that the defendant's conviction should be vacated because the government could not meet its burden and prove that the defendant knew that the unlawful identification he possessed belonged to another at the time he committed the instant offense.

## Analysis

### 1. Construing the Defendant's Motion as a Motion filed pursuant to 28 U.S.C. § 2255

■ The defendant filed his motion as one pursuant to 18 U.S.C. § 3582(c)(1)(A); however, it is clear upon reading the language of the statute, that this statute does not provide the defendant with the relief he is seeking. 18 U.S.C. § 3582(c)(1)(A)(i) provides that a term of imprisonment may not be modified except upon motion of the Director of the Bureau of Prisons to reduce a defendant's sentence if extraordinary and compelling reasons warrant such a reduction. The Director of the Bureau of Prisons did not file the motion, and therefore, the defendant's reliance upon this statute as a basis for relief is misplaced.

It is clear, however, that the defendant is seeking to vacate his conviction for aggravated identity theft. This type of relief is better addressed by 28 U.S.C. § 2255, which provides that "a prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution of laws of the United States … may move the court which imposed the sentence to vacate, set aside, or correct the sentence." 28 U.S.C. § 2255. However, in *Castro v. United States,* 540 U.S. 375, 124 S.Ct. 786, 157 L.Ed.2d 778 (2003), the Supreme Court held that if a district court recharacterizes a prisoner's motion as his first § 2255 motion, then

the district court must notify the *pro se* litigant that it intends to recharacterize the pleading, warn the litigant that this characterization means that any subsequent § 2255 motion will be subject to the restrictions on 'second or successive' motions, and provide the litigant an opportunity to withdraw the motion or to

amend the motion so that it contains all the § 2255 claims he believes he has. *Id.* at 383, 124 S.Ct. 786. Prior to *Castro,* there was an exception to the notice requirement in cases where the recharacterization had no adverse effect; however, in *United States v. Blackstock,* 513 F.3d 128 (4th Cir.2008), the Fourth Circuit noted that the Supreme Court's holding in *Castro* eliminated this exception to the notice requirement. The Fourth Circuit also held that "[i]f the district court fails to give the required notice, 'the motion cannot be considered to have become a § 2255 motion for purposes of applying to later motions the law's 'second or successive' restrictions.' " *Id.* at 132.

The government concedes that the defendant is entitled to notice prior to the court recharacterizing his motion as a § 2255 motion, but the government asserts that notifying the defendant of the recharacterization would only further delay his release. The defendant has been incarcerated since November 27, 2007. Should the court vacate the defendant's aggravated identity theft conviction, then the defendant would be subject to imprisonment for only eighteen (18) months for Count 1, and his release date would have likely already passed. It would be inequitable for the court to further delay the defendant's release in an attempt to follow *Castro.* Instead, the court finds that it is in the defendant's best interest to construe his motion as a § 2255 motion without providing the defendant notice of the recharacterization because notice would only delay the defendant's release. The court is also cognizant that should the defendant then file a subsequent § 2255 motion, it cannot be construed as a successive § 2255 motion or dismissed on that basis.

## 2. Timeliness of the Motion

The defendant failed to file his motion within the year deadline of his conviction becoming final pursuant to 28 U.S.C. § 2255(f)(1). The defendant was sentenced on May 5, 2008 and he did not appeal his sentence. The defendant filed his motion on July 20, 2009, which is more than a year after his conviction became final. Therefore, the defendant's motion is untimely under § 2255(f)(1). However, 28 U.S.C. § 2255(f)(3) provides that the year deadline for filing a 28 U.S.C. § 2255 petition may start from "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." Since it is clear from the court's analysis below that the court finds *Flores–Figueroa* to be retroactive, the defendant has one year from the date of that decision, May 4, 2009, to file his 28 U.S.C. § 2255 petition. The defendant's motion was filed within a year of the *Flores–Figueroa* decision, and thus, it is timely. *See, e.g., United States v. Swinton,* 333 F.3d 481, 485 (3d Cir.2003).

## 3. Whether *Flores–Figueroa v. United States* is retroactive

On May 4, 2009, the Supreme Court decided *Flores–Figueroa v. United States,* — U.S. ——, 129 S.Ct. 1886, 173 L.Ed.2d 853 (2009), which narrowed the interpretation of 18 U.S.C. § 1028A(a)(1). The Supreme Court, resolving a circuit split, held that 18 U.S.C. § 1028A(a)(1) required the government to prove that the defendant knew the means of identification that he unlawfully transferred, possessed, or used belonged to another person. The issue before this court is whether the Supreme Court's decision in *Flores–Figueroa* should be applied retroactively to defendants who have been convicted of this offense and whose convictions were final as of the date of the Supreme Court's decision.

It is well understood that "when a decision of [the Supreme] Court results in a 'new rule,' that rule applies to all criminal cases still pending on direct review;" but, "as to convictions that are already final … the rule applies only in limited circumstances." *Schriro v. Summerlin*, 542 U.S. 348, 351, 124 S.Ct. 2519, 159 L.Ed.2d 442 (2004). The issue of whether a Supreme Court decision applies retroactively to final convictions depends upon whether the Supreme Court decision creates a new rule of criminal procedure or a new rule of substantive criminal law. The Supreme Court explained that "new substantive rules generally apply retroactively," because "they 'necessarily carry a significant risk that a defendant stands convicted of an act that the law does not make criminal' or faces a punishment that the law cannot impose upon him." *Id.* at 351–52, 124 S.Ct. 2519 (quoting *Bousley v. United States*, 523 U.S. 614, 620, 118 S.Ct. 1604, 140 L.Ed.2d 828 (1998)). Yet, new rules of procedure generally do not apply retroactively because "[t]hey do not produce a class of persons convicted of conduct the law does not make criminal, but merely raise the possibility that someone convicted with use of the invalidated procedure might have been acquitted otherwise." *Id.* at 352, 124 S.Ct. 2519. A new rule by the Supreme Court is considered to be substantive if it "narrow[s] the scope of a criminal statute by interpreting its terms," or is a "constitutional determination[ ] that place particular conduct or persons covered by the statute beyond the State's power to punish." *Id.* at 351–52, 124 S.Ct. 2519 (citing *Bousley*, 523 U.S. at 620–21, 118 S.Ct. 1604; *Saffle v. Parks*, 494 U.S. 484, 494–95, 110 S.Ct. 1257, 108 L.Ed.2d 415 (1990); and *Teague v. Lane*, 489 U.S. 288, 311, 109 S.Ct. 1060, 103 L.Ed.2d 334 (1989)).

No circuit court or district court has yet to definitively address whether *Flores-Figueroa* applies retroactively to final convictions, but it would appear that the Supreme Court's decision in *Flores-Figueroa* would qualify as a substantive rule because it narrows the scope of 18 U.S.C. § 1028A(a)(1) by interpreting the word "knowingly." Thus, the court finds that *Flores-Figueroa* may apply retroactively to final convictions, should the defendant satisfy his burden of proof in his § 2255 motion.

## 4. Collateral Attack Analysis

In *Bousley*, the Supreme Court explained the process for analyzing a collateral attack of a conviction in light of a retroactive Supreme Court decision. *Bousley* involved a petitioner that originally pled guilty to his firearm offense, and then collaterally attacked his firearm conviction in light of *Bailey v. United States*, 516 U.S. 137, 116 S.Ct. 501, 133 L.Ed.2d 472 (1995), in which the Supreme Court held that conviction for use of a firearm required the government to show active employment of the firearm. In *Bousley*, the Supreme Court first determined that a defendant who pled guilty and did not challenge the validity of his plea on appeal has procedurally defaulted his claim. *Id.* at 621–22, 118 S.Ct. 1604. The Supreme Court rejected the petitioner's argument that his claim fell within an exception to the procedural default rule. *Id.* at 621–22, 118 S.Ct. 1604 ("[The petitioner] is not arguing that his guilty plea was involuntary because it was coerced, but rather that it was not intelligent because the information provided him by the District Court at his plea colloquy was erroneous. This type of claim can be fully and completely addressed on direct review based on the record created at the plea colloquy."). Thus, as the claim was procedurally defaulted, the petitioner could only successfully collaterally attack his conviction

by demonstrating either "cause" for the default and actual "prejudice," or that he is "actually innocent." *Id.* at 622, 118 S.Ct. 1604. The Supreme Court went on to find that a petitioner cannot establish "cause" by arguing that the legal basis for his claim was not reasonably available at the time of the plea, or that it would have been futile to attack his guilty plea prior to the retroactive decision by the Supreme Court. *Id.* at 621–22, 118 S.Ct. 1604. The Court ultimately concluded that the only way a petitioner could prevail in a collateral attack of his conviction in light of a retroactive Supreme Court decision was by establishing actual innocence. The Court noted that " 'actual innocence' means factual innocence and not mere legal insufficiency," and "[t]o establish actual innocence, the petitioner must demonstrate that, 'in light of all the evidence,' 'it is more likely than not that no reasonable juror would have convicted him.' " *Id.* at 623, 118 S.Ct. 1604 (quoting *Schlup v. Delo,* 513 U.S. 298, 327–328, 115 S.Ct. 851, 130 L.Ed.2d 808 (1995)). The Court also held that when reviewing a claim of actual innocence in a habeas petition, "the Government should be permitted to present any admissible evidence of the petitioner's guilt even if that evidence was not presented during the petitioner's plea colloquy and would not have normally been offered" prior to the retroactive Supreme Court decision. *Id.* at 624, 118 S.Ct. 1604.

The defendant in this matter procedurally defaulted his claim by not challenging the validity of his guilty plea on appeal, and he has not established "cause" to his default. Therefore, the defendant may only attack his 18 U.S.C. § 1028A(a)(1) conviction by proving he is actually innocent of the offense. Neither the statement of facts signed by the defendant, nor anything else in the record, establishes that the defendant knew that the identification documents he unlawfully possessed actually belonged to another individual. Further, the government concedes that it cannot present evidence establishing that Venancio–Dominguez had the requisite knowledge to be convicted of aggravated identity theft based upon the Supreme Court's interpretation of 18 U.S.C. § 1028A(a)(1). Therefore, the court finds that the defendant has satisfied his burden of establishing actual innocence, and his conviction for Count 3, aggravated identity theft, should be vacated.

### Conclusion

For the reasons stated above, the court will construe the defendant's motion as a petition filed pursuant to 28 U.S.C. § 2255, and the court finds the petitioner's motion to be timely. The court also finds that *Flores–Figueroa v. United States* may be applied retroactively to final convictions, presuming that a defendant can establish that he is actually innocent of the offense. While the defendant has procedurally defaulted his claim, the court finds, and the government concedes, that the defendant has met his burden of establishing that in light of *Flores–Figueroa,* he is actually innocent of Count 3. Therefore, the court **GRANTS** the defendant's motion and **VACATES** his conviction for aggravated identity theft, Count 3.

The Clerk is **REQUESTED** to expeditiously send a copy of this Order to the defendant, counsel for the defendant, the United States Attorney, the Probation Office, the Bureau of Prisons, and the Department of Homeland Security Bureau of Immigration and Customs Enforcement as it appears that the defendant may be eligible for immediate release from imprisonment.

**IT IS SO ORDERED.**