**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 10-7744**

UNITED STATES OF AMERICA,

    Plaintiff – Appellee,

  v.

HAROLD ELLIS JACKSON,

    Defendant - Appellant.

Appeal from the United States District Court for the District of Maryland, at Baltimore. William D. Quarles, Jr., District Judge. (1:02-cr-00305-WDQ-1; 1:09-cv-02721-WDQ)

Submitted: June 30, 2011    Decided: August 19, 2011

Before NIEMEYER, SHEDD, and KEENAN, Circuit Judges.

Vacated and remanded by unpublished per curiam opinion.

Harold Ellis Jackson, Appellant Pro Se. James G. Warwick, OFFICE OF THE UNITED STATES ATTORNEY, Baltimore, Maryland, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Harold Ellis Jackson appeals from the district court's order denying his Fed. R. Civ. P. 60(b) motion, which alleged that the court erred in recharacterizing a filing with the court as his first 28 U.S.C.A. § 2255 (West Supp. 2011) motion. The order is not appealable unless a circuit justice or judge issues a certificate of appealability. 28 U.S.C. § 2253(c)(1) (2006). A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2) (2006). A prisoner satisfies this standard by demonstrating that reasonable jurists would find that any assessment of the constitutional claims by the district court is debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003); Slack v. McDaniel, 529 U.S. 473, 484 (2000).

Our review of the record reveals that the district court failed to give Jackson notice of its intent to recharacterize his pleading as a § 2255 motion, as required by the Supreme Court's decision in Castro v. United States, 540 U.S. 375, 383 (2003). See also United States v. Blackstock, 513 F.3d 128, 132-35 (4th Cir. 2008). Accordingly, we grant a certificate of appealability on Jackson's claim that the district court erred in recharacterizing his pleading without

2

notice, vacate the district court's order, and remand for further proceedings. On remand, the district court should also consider whether Jackson's Rule 60(b) motion was timely filed. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

VACATED AND REMANDED