**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 18-6794**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

LOUIS A. BROWN,

Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of Virginia at Richmond.  Robert E. Payne, Senior District Judge.  (3:11-cr-00057-REP-RCY-1)

Argued:  October 31, 2019                    Decided:  December 17, 2019

Before WILKINSON, KING, and HARRIS, Circuit Judges.

Vacated and remanded by unpublished opinion.  Judge Harris wrote the opinion, in which Judge Wilkinson and Judge King joined.

**ARGUED:**  Patrick L. Bryant, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Alexandria, Virginia, for Appellant.  Aidan Taft Grano, OFFICE OF THE UNITED STATES ATTORNEY, Alexandria, Virginia, for Appellee.  **ON BRIEF:**  Geremy C. Kamens, Federal Public Defender, Frances H. Pratt, Assistant Federal Public Defender, Joseph S. Camden, Assistant Federal Public Defender, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Alexandria, Virginia, for Appellant.  G. Zachary Terwilliger, United States Attorney, Alexandria, Virginia, S. David Schiller, Assistant United States

Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Richmond, Virginia, for Appellee.

———————

Unpublished opinions are not binding precedent in this circuit.

PAMELA HARRIS, Circuit Judge:

Louis Brown filed a pro se request for resentencing, titled a "Motion To Reduce Base Offense Level Pursuant to § 3582(c)(2)." The district court appointed counsel, who explained that 18 U.S.C. § 3582(c)(2) did not provide a basis for resentencing. But, counsel continued, Brown's motion would state a cognizable claim if it were liberally construed as a petition under 28 U.S.C. § 2255 to vacate his sentence on the ground of ineffective assistance of counsel.

The district court denied relief under § 3582(c)(2) without addressing counsel's request that Brown's motion be construed as a § 2255 petition. Accordingly, we vacate the district court's orders and remand so that the district court may consider in the first instance whether Brown's pro se request for relief should be recharacterized as a petition under § 2255.

## I.

### A.

In the pro se filing now at issue on appeal, Brown sought relief from a 188-month sentence for crack cocaine distribution. That sentence, handed down in December of 2016, was Brown's second; his first sentence, imposed years earlier, was vacated when the district court granted partial relief on a § 2255 petition. We begin with a summary of those past proceedings, which shed light on the sentencing issues raised in Brown's latest filing.

The case began in 2011, when Brown pleaded guilty to one count of crack cocaine distribution in the Eastern District of Virginia. In preparing the Presentence Investigation

3

Report ("PSR") and calculating Brown's advisory sentencing range under the Sentencing Guidelines, the probation officer made three critical determinations. First, she used then-current Guidelines to set Brown's base offense level, keyed to the drug quantities involved in Brown's offense. Next, she applied a two-level enhancement for obstruction of justice, *see* U.S.S.G. § 3C1.1, because Brown had distributed certain government forms that identified cooperating sources and ultimately made their way to Brown's drug supplier. And finally, she designated Brown as a "career offender" and increased his criminal history level accordingly. *See* U.S.S.G. § 4B1.1. That designation was based in part on Brown's prior conviction for use of a firearm during a crime of violence, *see* 18 U.S.C. § 924(c), for which witness retaliation under 18 U.S.C. § 1513 was the underlying crime of violence.

Together, these determinations produced an advisory sentencing range of 262 to 327 months' imprisonment, capped by the statutory maximum sentence of 240 months. In November of 2011, the district court sentenced Brown to 240 months in prison, and we subsequently affirmed Brown's conviction and sentence. *United States v. Brown*, 474 F. App'x 244, 245 (4th Cir. 2012).

In 2013, Brown filed a timely pro se petition to vacate his sentence under § 2255, alleging, *inter alia*, that the assistant federal public defender who represented him during his 2011 proceedings had been constitutionally ineffective. Three years later, after appointing new counsel, the district court granted Brown's § 2255 petition in part. Brown's counsel had been ineffective in connection with the sentencing enhancement for obstruction of justice, the court found, by providing government forms to Brown without advising him of the consequences of disseminating them. *United States v. Brown*, No.

4

3:11CR57, 2016 WL 6804880, at *8–9 (E.D. Va. Nov. 16, 2016). But for counsel's deficient performance, the court went on, instead of an obstruction enhancement, Brown would have qualified for an acceptance of responsibility reduction – resulting in a sentencing range of 151 to 188 months, well below Brown's 240-month sentence. *Id.* at *9. The "appropriate remedy," the court concluded, was to "vacate Brown's sentence and conduct a full resentencing." *Id.* at *10.

That brings us to the December 2016 resentencing that is the subject of Brown's latest pro se filing. Critically, in the time since Brown's original 2011 sentencing, there had been two changes to the Guidelines that might have affected Brown's new sentencing range. First, Amendment 782 to the Guidelines, incorporated into the November 2016 version of the Guidelines Manual, lowered base offense levels for drug crimes, like Brown's, involving crack cocaine. *See* United States Sentencing Commission, *Guidelines Manual*, Supp. to App. C, amend. 782 (Nov. 2016). And second, the Guidelines Manual now included a new, more restrictive definition of "crime of violence" in the career offender provision under which Brown had been sentenced, from which the so-called "residual clause" had been removed. *See Guidelines Manual*, Supp. to App. C, amend. 798 (Nov. 2016).[1]

---

[1] In 2011, the Sentencing Guidelines defined a "crime of violence" to include – in addition to certain enumerated offenses and offenses having as an element the use, attempted use, or threatened use of physical force against the person of another – offenses that "otherwise involve[] conduct that presents a serious potential risk of physical injury to another." U.S.S.G. § 4B1.2(a)(2) (Nov. 2011 ed.). In 2016, the Sentencing Commission adopted Amendment 798 which, among other alterations, deleted this latter "residual clause," leaving only the "elements" or "force" clause and the enumerated offenses clause.

5

Brown's full resentencing should have been conducted using the revised November 2016 Guidelines, which reflected these intervening amendments. *See* U.S.S.G. § 1B1.11(a) (as general rule, sentencing court must use the version of the Guidelines Manual in effect at time of sentencing). But that did not happen. Instead, the probation officer refiled the PSR used at Brown's 2011 sentencing, based on an earlier version of the Guidelines, adjusted only to remove the enhancement for obstruction of justice and to add a reduction for acceptance of responsibility. The resulting advisory sentencing range, as the district court had anticipated, was 151 to 188 months.

The failure to use the most up-to-date version of the Guidelines caused significant confusion at Brown's resentencing hearing. There was discussion of the Fair Sentencing Act, a 2010 law that in fact would not affect Brown's sentence. Counsel and the court also debated whether Brown should receive a reduced sentence under § 3582(c)(2) – the same provision cited by Brown in the pro se filing now under review – which in fact applies only to *post*-sentencing amendments to the Guidelines and so had no bearing on Brown's resentencing. *See Dillon v. United States*, 560 U.S. 817, 831 (2010). Ultimately, the district court was persuaded by the probation officer that it made no difference which version of the Guidelines, old or current, was used: Because Brown was a career offender, his sentencing range would be the same under either version. Brown's appointed counsel never called attention to the fact that the career-offender provision itself had been amended,

---

United States Sentencing Commission, *Guidelines Manual*, Supp. to App. C, amend. 798 (Nov. 2016).

nor did he object to Brown's continued designation as a career offender despite the deletion of its residual clause.

With all parties in agreement on a Guidelines sentencing range of 151 to 188 months, the district court proceeded to sentence Brown to 188 months' imprisonment. Judgment was entered on December 15, 2016, and the time for Brown to appeal expired on December 29, 2016.

**B.**

On December 12, 2017 – just within the one-year limitations period for a § 2255 petition, *see* 28 U.S.C. § 2255(f) – Brown filed the pro se document that is at issue on appeal. Perhaps guided by the discussion of § 3582(c)(2) at his resentencing hearing, Brown captioned this filing a "Motion To Reduce Base Offense Level Pursuant to § 3582(c)(2)." Citing Amendment 782, Brown argued that under the Guidelines in effect at his December 2016 resentencing, he should have received a two-level reduction in his base offense level. Brown also complained that his counsel at resentencing had been ineffective and asserted that one of his prior convictions no longer qualified as a "crime of violence" for purposes of his career-offender designation, which he correctly described as the "driving force" behind his December 2016 sentencing. J.A. 99–100. For relief, Brown sought another resentencing, this time under the "new, appropriate" advisory Guidelines range. J.A. 100.

The district court directed the appointment of the Federal Public Defender "to represent [Brown] on his request for relief under § 3582(c)(2)." J.A. 103. The court also ordered Brown's newly appointed counsel to file a "Supplemental Motion for Relief

7

Pursuant to 18 U.S.C. § 3582(c)(2)" and a statement of position on Brown's requested relief. *Id.*

Brown's counsel responded with a document titled "Defendant's Supplemental Briefing and Motion to Vacate Sentence Under 28 U.S.C. § 2255." J.A. 106–126. Brown's request for relief, counsel explained, would be unavailing if evaluated under § 3582(c)(2), as that provision allows for the modification of a prison term only when relevant Guidelines are amended *after* a defendant has been sentenced; because Brown sought relief based on Guidelines provisions already in effect when he was resentenced in December 2016, § 3582(c)(2) provided no authority for the court to modify his latest sentence. *See* 18 U.S.C. § 3582(c)(2) (authorizing sentence reductions in certain cases in which a defendant "has been sentenced to a term of imprisonment based on a sentencing range that has *subsequently* been lowered by the Sentencing Commission" (emphasis added)). But, counsel went on, Brown's filing *would* raise a colorable claim if construed as a motion to vacate his sentence under § 2255: Once the residual clause was eliminated from the Guidelines definition of "crime of violence," counsel argued, Brown's conviction for using a firearm in connection with witness retaliation no longer qualified as a predicate for his career-offender designation, and the failure of Brown's counsel to raise that issue at the December 2016 resentencing violated Brown's Sixth Amendment right to the effective assistance of counsel. Pro se filings are to be liberally construed notwithstanding their captions, counsel reasoned, and so Brown "request[ed] that the Court construe his motion, nominally under 18 U.S.C. § 3582, as a motion to vacate his previous sentence under 28 U.S.C. § 2255." J.A. 106 (citations omitted).

The district court issued a short order denying that request because it was "filed by counsel not appointed for that purpose." J.A. 128. Brown's counsel was "appointed only for the purpose of representation of a Motion for Reduction of Sentence Pursuant to 18 U.S.C. § 3582," the district court reasoned, and "not . . . to represent the defendant with respect" to a § 2255 petition. J.A. 127–28. The district court ordered counsel to review the decision in *Anders v. California*, which requires an attorney to advise the court if an appeal is "wholly frivolous" while also "referring to anything in the record that might arguably support the appeal," 386 U.S. 738, 744 (1967), and to file a brief regarding § 3582(c)(2), notwithstanding counsel's view that a claim under that provision would be unavailing.

Following the district court's instruction, Brown's counsel filed a "Statement of Position on Defendant's Motion to Reduce Sentence." J.A. 136. Counsel acknowledged, pursuant to *Anders*, that Brown's filing had no merit as a § 3582(c)(2) motion. But consistent with *Anders*'s direction that counsel identify any arguable ground for relief, counsel reiterated that "[i]f construed as a motion to vacate under 28 U.S.C. § 2255, [Brown's] motion has merit and in fact should be granted," as previously argued. J.A. 137.

On June 15, 2018, the district court denied relief under § 3582(c)(2), finding that "the defendant was sentenced as a career offender and is ineligible for a reduction of sentence." J.A. 141. The court's one-paragraph order did not address counsel's renewed request that Brown's filing be construed as a § 2255 petition.

Brown timely appealed the district court's decision.

9

**II.**

There was nothing unusual about counsel's request that the court treat Brown's pro se filing as a § 2255 petition. Federal courts are obliged to liberally construe filings by pro se litigants. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). That duty extends to recharacterizing a filing to which a pro se litigant has attached the wrong label, allowing courts to "avoid an unnecessary dismissal, to avoid inappropriately stringent application of formal labeling requirements, or to create a better correspondence between the substance of a pro se motion's claim and its underlying legal basis." *Castro v. United States*, 540 U.S. 375, 381–82 (2003) (internal citations omitted). And courts frequently confront precisely the question at issue here – whether a pro se litigant has mistakenly sought what actually is § 2255 relief under the rubric of § 3582(c)(2) – and determine the true nature of such filings by looking to the document's substance, not its caption. *See, e.g.*, *United States v. Bailey*, 777 F.3d 904, 906–08 (7th Cir. 2015); *United States v. Carter*, 500 F.3d 486, 490 (6th Cir. 2007); *United States v. Maxwell*, No. 99-7153, 2000 WL 341917, at *1 (4th Cir. 2000); *United States v. Bennett*, Nos. 3:10CR84, 3:12CV524, 2013 WL 170333, at *10 (W.D.N.C. Jan. 16, 2013).

As our court has explained, procedural restrictions on § 2255 petitions – including a strictly enforced one-year limitations period, *see* 28 U.S.C. § 2255(f), and significant limits on second or "successive" petitions, *see id.* § 2255(h) – mean that recharacterizing a pro se filing as a § 2255 petition "can have adverse consequences" for the petitioner. *United States v. Blackstock*, 513 F.3d 128, 131 (4th Cir. 2008). As a result, courts must warn pro se litigants of those consequences and confirm their intent to proceed under

10

§ 2255. *See Castro*, 549 U.S. at 383; *see also Blackstock*, 513 F.3d at 132. And in deciding whether to recharacterize a post-conviction filing as a § 2255 petition, courts properly consider whether such a petition would be timely under § 2255(f), *see United States v. Valadez-Camarena*, 402 F.3d 1259, 1261 (10th Cir. 2005) (district court properly declined to treat filing as § 2255 petition where petition would be outside one-year limitations period), or whether time remains for the filing of a § 2255 petition before the close of the limitations period, *see Simmons v. Pennsylvania*, 731 F. App'x 160, 162 (3d Cir. 2018) (district court properly declined to treat filing as § 2255 petition where litigant still could file a timely petition under § 2255(f)).[2]

Balancing those factors and determining whether a pro se filing, liberally construed, should be recharacterized is a matter of district court discretion. *See Blackstock*, 513 F.3d at 131. Accordingly, we review such a determination only for an abuse of discretion. *See Valadez-Camarena*, 402 F.3d at 1261; *United States v. Saquella*, 442 F. App'x 847, 848 (4th Cir. 2011).

---

[2] Although those concerns help to explain the case law in this area, it is worth noting that none of them is implicated by the request for recharacterization at issue here. That request comes not from a pro se litigant but from appointed counsel, who can be presumed familiar with the consequences of recharacterizing a filing as a § 2255 petition. If treated as a § 2255 petition, Brown's motion would be timely under § 2255(f)'s one-year limitations period; if not so treated, any future § 2255 petition likely would be time-barred as outside that limitations period. And contrary to the government's suggestion, Brown's filing, construed as a § 2255 petition, would not be barred as successive: Brown's challenge is to the new sentence that arose from his full resentencing in 2016, not to the original 2011 sentence that was the subject of his prior (and successful) § 2255 petition. *See United States v. Hairston*, 754 F.3d 258, 262 (4th Cir. 2014) ("numerically second § 2255 motion" is not barred as successive where "claim arose at a resentencing hearing afforded to a movant as a result of his first § 2255 motion").

The problem here is that we can find no evidence that the district court actually exercised this discretion.  The district court never addressed counsel's express request for recharacterization, and appears never to have considered whether "ignoring the legal label" that Brown had affixed to his pro se filing would "create a better correspondence between the substance of [Brown's] claim and [his motion's] underlying legal basis."  *Castro*, 540 U.S. at 381–82.

Instead, the district court denied counsel's first request for recharacterization under § 2255 on an entirely unrelated ground:  that counsel was appointed not to argue for recharacterization, but only in connection with a § 3582(c)(2) motion.  That factor has no bearing on the *Castro* inquiry into whether a pro se filing should be recharacterized under a more appropriate legal label.  And even on its own terms, it does not provide a basis for denying relief.  Brown was not entitled to have counsel appointed to represent him in these post-conviction proceedings.  *See United States v. Taylor*, 414 F.3d 528, 536 (4th Cir. 2005).  But once the district court chose to appoint the federal public defender to represent Brown "on his request for relief under 18 U.S.C. § 3582(c)(2)," J.A. 103, Brown's counsel had a duty to zealously advocate for and pursue the interests of his client, which may well – and often does, as discussed above – involve arguing for recharacterization of a pro se filing.  Under the Criminal Justice Act, the scope of representation is broad, reaching all "ancillary matters appropriate to the proceedings."  18 U.S.C. § 3006A(c).  And the Judicial Conference of the United States advises that the scope of representation by appointed counsel is guided by the "objective sought to be achieved in providing the representation," 7A *Guide to Judiciary Policy* § 210.20.30(d) (Feb. 2019) – here, a new sentencing, which,

in counsel's estimation, could be achieved only under the rubric of § 2255, not § 3582(c)(2). Even if the district court's appointment order could have narrowed the breadth of counsel's obligation to his client, it did not purport to do so here, providing only that counsel was appointed to "provide legal representation in [Brown's] request for relief." J.A. 102. In short, having been appointed to represent Brown in his request for post-conviction relief, counsel was fully authorized to urge the district court to construe Brown's pro se filing in a manner that, in his view, better corresponded to the filing's substance and to his client's goals.

And in any event, there appears to be no question or dispute that counsel was operating well within the scope of his representation – and indeed, at the express direction of the district court – when he filed his second brief, in compliance with *Anders v. California*. That brief once again squarely presented the request for recharacterization. But after receiving the brief, the district court simply denied Brown's pro se motion for relief, without providing any reason or any indication that it had considered the request for recharacterization on its merits. On this record, it appears that the district court failed to exercise its discretion to determine whether Brown's pro se filing should be recharacterized as a § 2255 petition; if it did, it provided no basis for its decision. Either way, we must vacate the district court's orders and remand so that the district court can consider the request for recharacterization and explain its ultimate decision. *See United States v. Dinkins*, 691 F.3d 358, 374 (4th Cir. 2012) (failure to state a basis for decision sufficient to permit appellate review may constitute abuse of discretion).

The government does not dispute that the district court has yet to address the merits of counsel's request for recharacterization. Instead, it argues that even liberally construed, Brown's filing cannot properly be understood as raising an ineffective assistance of counsel claim under § 2255. Those arguments are properly directed to the district court on remand, when it decides whether Brown's filing should be recharacterized. Nor do we consider here whether Brown could prevail on the § 2255 claim outlined in his counsel's filings. We leave that question for the district court to address in the first instance if, on remand, it determines that recharacterization is appropriate in light of the circumstances of this case.

## III.

For the foregoing reasons, we vacate the district court's orders denying Brown's request for recharacterization and pro se motion for relief and remand for proceedings consistent with this opinion.

*VACATED AND REMANDED*